# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LUISA VARGAS *et al.*,  )
            Plaintiffs,  )  Case No. 2:14-cv-01589-RFB-CWH
              )
vs.  )  **ORDER**
              )
ABS FREIGHT TRANSPORTATION, INC., *et al.*,  )
            Defendants.  )

## BACKGROUND

Plaintiffs Luisa Vargas and Elisabeth Arevalo ("plaintiffs") filed their complaint in state court, alleging claims against Defendant ABS Freight Transportation, Inc. and its employees ("defendants") related to an automobile accident that occurred on July 4, 2012 in Clark County, Nevada. See Doc. # 1-2. Defendants removed the case to this Court on September 26, 2014. Then, on October 15, 2014 the Clerk of Court entered a notice of intent to dismiss the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") because of plaintiffs' purported failure to file proofs of service for various named defendants. See Doc. # 8. Thereafter, plaintiff filed a supplement of status of service in an attempt to address the Clerk of Court's notice of intent. See Doc. # 12. In that supplement, plaintiffs state, among others, that they have a pending motion before the state court to serve one of the named defendants in the instant action. This order addresses the issue of service in the instant action.

## DISCUSSION

Once a case is removed to federal court, the federal rules apply. See Fed.R.Civ.P. 81(c)(1). Rule 4 of the FRCP governs service of summons and mandates that service of process be made within 120 days of filing the complaint. See Fed.R.Civ.P. 4(m). Moreover, 28 U.S.C. § 1448 provides that

where service of process is not perfected prior to removal of a case filed in state court to federal court, "such process or service may be completed or new process issued in the same manner as cases filed" in federal court. 28 U.S.C. § 1448. The Ninth Circuit has held that where summons was issued in a state court proceeding but was not served prior to removal, "the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the [FRCP]." Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967). The court reasoned that the state process becomes "null and void" on the date the action is removed to federal court. See Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (citing Beecher, 381 F.2d at 373). After removal, therefore, a plaintiff must secure new summons from the federal court and serve the summons pursuant to Rule 4. Id.; Fed.R.Civ. 81(c); Fed.R.Civ.P. 4(c). Further, the 120-day time period set forth by Rule 4(m) starts to run upon removal to federal court, **not** on the date a plaintiff files the complaint in state court. See Vasquez v. N. Cnty Transit Dist., 292 F.3d 1049, 1053 (9th Cir. 2002).

Here, plaintiffs' complaint was removed on September 26, 2014. Thus, plaintiffs must serve process on all named defendants **no later than January 24, 2015** to comply with Rule 4(m) of the FRCP. Additionally, for service not perfected prior to removal of this action, plaintiffs must obtain new summons from this Court and serve the summons pursuant to Rule 4 of the FRCP.

## CONCLUSION AND ORDER

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that plaintiffs shall serve process on all named defendants **no later than January 24, 2015** to comply with Rule 4(m) of the FRCP.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **strike** from the record the notice of intent to dismiss the instant action (doc. # 8).

DATED: November 21, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2